UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rev. Heidi Grossman Lepp,

          Plaintiff,      Case No. 25-cv-10214

v.      Judith E. Levy
United States District Judge

Conrad Mallett, Jr., et al.,

     Mag. Judge Curtis Ivy, Jr.

          Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS [16], ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [15], AND DENYING PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [13]**

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation ("R&R"), (ECF No. 15), which recommends denying Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (the "Motion"). (ECF No. 13.)

On March 18, 2025, Magistrate Judge Ivy issued the R&R recommending that the Court deny Plaintiff's motion. (ECF No. 15.) The parties were required to file specific written objections, if any, within

fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Plaintiff submitted four objections to the R&R on March 21, 2025. (ECF No. 16.)

For the reasons set forth below, the Court denies Plaintiff's objections, adopts the R&R, and denies Plaintiff's Motion.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough.[1] (ECF No. 15, PageID.132–140.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

---

[1] The R&R states that the case was removed to this Court on January 3, 2025 when it was actually removed on January 23, 2025. (ECF No. 1.) This correction has no material impact on the outcome, however.

basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Courts use the same four factors when evaluating a motion for a TRO or a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant would suffer irreparable injury without the injunction;
>
> (3) whether issuance of the injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citing *Tumblebus v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)); *see also Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio) (noting that the standards for a TRO and a preliminary injunction are the same). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The party moving for such injunctive relief bears the burden of showing that it is warranted. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

> Federal Rule of Civil Procedure 65(b)(1) provides, in relevant part:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Because Plaintiff is self-represented, the Court will construe her pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

Plaintiff raises four objections to the R&R. (ECF No. 16.) Defendants responded, (ECF No. 17), and Plaintiff replied. (ECF No. 18.)

Before considering Plaintiff's objections, the Court notes that Plaintiff's reply includes arguments that were not raised in her four objections, as well as a "supplemental prayer for relief." (ECF No. 18.) Courts do not consider issues that are raised for the first time in a reply brief, in part because it does not allow the other side to respond. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Further, the local rules prohibit a motion that seeks relief from being combined with "any other stand-alone document" such as a reply. E.D. Mich. LR 7.1(i). Accordingly, the Court will not consider new arguments or requests for relief included in Plaintiff's reply. (ECF No. 18.)

5

### A. Objection 1

The R&R states that Plaintiff fails to meet the procedural requirement for an ex parte TRO set forth in Federal Rule of Civil Procedure 65(b)(1)(a), because Plaintiff fails to provide an adequate affidavit or verified complaint. (ECF No. 15, PageID.142–145.) Plaintiff responds that she has now corrected the procedural defects that made her Motion inadequate. (ECF No. 16, PageID.154.) Plaintiff presents this argument as an objection, stating that the R&R "incorrectly found that Plaintiff's motion lacked a verified complaint or affidavit sufficient to satisfy Rule 65(b)(1)(A)." (*Id.* (emphasis omitted).) Plaintiff's argument does not reveal any error in the R&R. On the contrary, even if Plaintiff corrected any procedural defects in her original motion, the R&R explained that Plaintiff's Motion failed on substantive grounds, because Plaintiff did not demonstrate she had a likelihood of success on the merits. (ECF No. 15, PageID.150.) Plaintiff's request that the Court accept a new affidavit in support of her previous Motion does not demonstrate any error in the R&R that goes to the heart of this dispute

6

or warrants a different outcome than what the R&R recommends.[2] The Court therefore denies the first objection.

### B. Objection 2

The R&R recommends denying Plaintiff's Motion, because Plaintiff failed to establish a "likelihood of success [of her claims] on the merits." (*Id.*) Plaintiff objects to that conclusion.

The purpose of an ex parte TRO is to "preserve the status quo" pending a hearing regarding a requested preliminary injunction. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). The purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To receive preliminary injunctive relief, a plaintiff must seek preliminary injunctive relief that is related to the conduct and claims alleged in their complaint. *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. 2018); *see also Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). In assessing whether a plaintiff has a strong likelihood of succeeding on the merits, the Court

---

[2] This objection related to the standards for ex parte TROs is not dispositive given that Defendant—who has filed responses to Plaintiff's submissions—surely has notice of Plaintiff's request for injunctive relief at this point.

7

must consider the "the merits of [a plaintiff's] *claims*" asserted in the complaint. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997) (emphasis added).

The Motion covers somewhat different facts and legal claims than those asserted in the complaint. Plaintiff's complaint alleges that Defendant Conrad Mallett, Jr. made "malicious defamatory statements" about Plaintiff's church, as well as threatened to prosecute and attempted to prosecute members of her church. (ECF No. 1, PageID.8.) Plaintiff's Motion for injunctive relief asks the Court to enjoin parking enforcement and other restrictions at a parking lot adjoining Plaintiff's church and "threats to raid, shut down and prosecute Plaintiff" and members of her church, in addition to requesting discovery of various "communications and documents" and psychological evaluations of Defendants. (ECF No. 13, PageID.102–103.) Plaintiff's Motion alleges that Defendants engaged in "vehicle towing, unlawful raids, lurking around the building for hours, [] warrantless intrusions, and harassment." (*Id.* at PageID.97.) The factual background of Plaintiff's Motion recounts Mallett's public statements indicating that the City of Detroit would prosecute a member of Plaintiff's church, and conduct code

8

inspections and undertake "warrantless entry and sacrilegious photography" by code inspectors. (*Id.* at PageID.98–99.) As the R&R sets forth, the Motion adds legal claims that are not included in the complaint. (ECF No. 15, PageID.137.)

The R&R states that Plaintiff fails to argue that "she would prevail on the merits of the claims in her complaint," makes new allegations that are significantly "broader" than those alleged in her complaint and does not establish that she is likely to succeed on the new allegations raised in her Motion. (ECF No. 15, PageID.148–150.)

Plaintiff objects and argues that she is likely to succeed on the merits. She refers to her rights under the Religious Freedom Restoration Act ("RFRA"), the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Fourth Amendment, as well as detailing a nationwide pattern of discrimination against religious organizations, including her own. (ECF No. 16, PageID.154–159.) Plaintiff does not directly address the reasoning in the R&R in her objection, ignoring that the R&R states that her Motion fails to provide proper citations and that it fails to adequately establish a likelihood of success on the merits of the claims in her complaint. (ECF No. 15,

9

PageID.148–150.) Neither her Motion nor her objections address the third and fourth factors relevant to granting a TRO or preliminary injunction.

Instead, Plaintiff makes a variety of unpersuasive legal arguments that do not reveal any errors in the R&R. She urges the Court to apply strict scrutiny under RFRA. (ECF No. 16, PageID.155.) Plaintiff cites *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006), arguing that "[n]o compelling interest exists to justify raiding and shutting down Sugarleaf Church while secular psilocybin businesses continue to operate freely." (*Id.* (emphasis omitted).) But the federal RFRA law does not apply to local government actors like Defendants. *Gerber v. Herskovitz*, 14 F.4th 500, 510 (6th Cir. 2021) ("RFRA has no role to play. It does not apply to state or local governments."). Plaintiff also cites *Jensen v. Utah Cnty.*, No. 2:24-cv-00887, 2025 WL 582812 (D. Utah Feb. 20, 2025), in which a court preliminarily enjoined the enforcement of a Utah state law against a religious group that uses psilocybin mushrooms in its religious ceremonies. That ruling relied on Utah's state-level RFRA, which is inapplicable in this case. Michigan has not enacted a RFRA statute.

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law . . . prohibiting the free exercise' of religion." *Fulton v. City of Philadelphia*, 539 U.S. 522, 532 (2021). Under the First Amendment, a law that is "neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). "A law is not generally applicable if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." *Fulton*, 593 U.S. at 533 (cleaned up). Nor is a law generally applicable if it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Id.* at 534. It is also impermissible for a law that appears neutral and generally applicable to target the adherents of a faith and their actions. *Ward v. Polite*, 667 F.3d 727, 738 (6th Cir. 2012) (citing *City of Hialeah*, 508 U.S. at 524–25).

In Plaintiff's complaint, she alleges that Mallett's threats to prosecute a member of her church for selling psychedelic mushrooms

11

through a branch of her church chilled her congregation's religious practice and intimidated them from "engaging in lawful activities." (ECF No. 1, PageID.13.) The Motion re-alleges those same threats, as well as allegations related to code inspections, entry and photography of a building, and parking restrictions. (ECF No. 13, PageID.97–99.) Plaintiff does not identify specific laws in her allegations, and she does not allege that there are specific laws at issue that are not neutral or generally applicable. Nor do the allegations lodged throughout Plaintiff's submissions, which are often unsupported and lacking sufficient factual detail, meet the standard necessary to justify the "extraordinary" remedies Plaintiff requests. *See Overstreet*, 305 F.3d at 573 ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it.")

Plaintiff also argues that she is likely to succeed on the merits based on her claims under the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 16, PageID.155.) Her emphasis in raising this claim is on selective enforcement of the law against her church when "secular businesses (dispensaries, gas stations, and smoke shops selling

12

psilocybin) . . . operate without interference." (ECF No. 16, PageID.155 (emphasis omitted).) The Sixth Circuit instructs:

> The Equal Protection Clause prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. CONST. Am. XIV, § 1. The Clause embodies the principle that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights. The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers.

*Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). To bring a selective enforcement claim, "it is an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside her category were not prosecuted." *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997). To support this claim of disparate treatment, Plaintiff offers a conclusory statement in her affidavit, which is attached to her objections and was filed after the R&R was issued. (ECF No. 16-2, PageID.173 ("Secular organizations in Detroit—including smoke shops, gas stations, and dispensaries openly selling unregulated psilocybin products—are NOT subjected to

13

comparable scrutiny or threats of prosecution.") (emphasis omitted).) The complaint does not contain any factual assertions that support the conclusion that religious and secular entities that sell or otherwise provide psilocybin are treated differently under the law. Plaintiff fails to make the required showing to establish a likelihood that her Equal Protection Clause will succeed, because she fails to make the prima facie showing of disparate treatment required to bring such a claim.

Plaintiff also objects that her Fourth Amendment claims are likely to succeed on the merits. She objects that Defendants engaged in "warrantless inspections and forced closure" of a branch of her church on March 12, 2025.[3] (ECF No. 16, PageID.155.)

The Supreme Court sets forth that

> [t]he Fourth Amendment provides that, 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.' The basic purpose of this Amendment, as

---

[3] Plaintiff also alleges that an inspector and three police officers intimidated a church member without a warrant or legal basis on March 18, 2025. (*Id.* at PageID.156.) The alleged intimidation occurred after the filing of the Motion on March 14, 2025, (ECF No. 13), so it was not before the Magistrate Judge when he issued the R&R and therefore does not reveal any error in the R&R. (ECF No. 15).

14

> recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.

*Camara v. Mun. Ct.*, 387 U.S. 523, 528 (1967). Plaintiff's complaint does not contain any assertions about warrantless searches or inspections, though it does include a cursory request that the Court declare that "Defendant's actions" violated Plaintiff's Fourth Amendment rights. (ECF No. 1, PageID.16.) The Motion discusses inspections "conducted without prior appointments or notice" in January 2025 and "warrantless entry and sacrilegious photography by" an inspector in March 2025. (ECF No. 13, PageID.98–99.) With respect to the alleged inspection in March 2025, Plaintiff asserts that the church "complied." (*Id.* at PageID.99.) Plaintiff does not provide detail about these alleged actions, nor does she adequately explain how these actions violate the Fourth Amendment. She fails to meet her burden of showing that the circumstances "clearly" warrant a TRO, given the sparse factual record provided to the Court. *See Overstreet*, 305 F.3d at 573.

Plaintiff also cites a variety of cases involving state actions against "entheogenic religious organizations" from around the United States. (ECF No. 16, PageID.156–158.) Plaintiff asserts that there is a broad

15

pattern of repression and persecution—including the use of violence—against such religious organizations. While patterns of discrimination are, of course, concerning, these assertions do not support the relief Plaintiff seeks in her motion. Plaintiff's attempt to tie these actions to the facts of the case are brief and unpersuasive. (*Id.* at PageID.158.) Many cases she cites rely on federal or state RFRA laws, which, as set forth above, do not apply here. They involve federal or state actors rather than Defendants. Any violation of the constitutional rights of Plaintiff and other adherents of "entheogenic religious organizations" and their subsequent success in separate and distinguishable court cases does not meet Plaintiff's burden of showing that her claims are likely to succeed against Defendants.

As set forth above, Plaintiff does not demonstrate that the R&R erred in concluding she was unlikely to succeed on the merits of her claims. The Court therefore denies Plaintiff's second objection.

### C. Objection 3

The R&R does not conclude that Plaintiff would suffer irreparable harm without the requested TRO or preliminary injunction. Plaintiff objects and argues that she has established irreparable harm. (ECF No.

16

16, PageID.160.) "An injury is irreparable if it is not fully compensable by monetary damages, that is, the nature of the plaintiff's loss would make damages difficult to calculate." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 852 (6th Cir. 2017) (cleaned up). Plaintiff asserts that she has experienced previous psychological harm related to armed raids and that there are threats of future raids, prosecutions, and property destruction, as well as threats to her ability to continue engaging in her religious practices. (ECF No. 16, PageID.160.) In making this objection, Plaintiff's focus is on obtaining injunctive relief to use "her parking lot[, which] she planned on landscaping, paving and fencing in." (*Id.*)

This objection does not establish any error in the R&R. Plaintiff cites no law and her factual assertions lack specificity, in addition to relying on inadequate submissions, some of which were filed after the issuance of the R&R. *Tactical Edge, LLC v. Garland*, 696 F. Supp. 3d 460, 463 (M.D. Tenn. 2023) ("A plaintiff seeking a preliminary injunction may not merely rely on unsupported allegations, but rather must come forward with more than scant evidence to substantiate their allegations.") (internal quotation marks omitted) (collecting cases). She

17

also refers to "her parking lot," (ECF No. 16, PageID.160), when the Motion only asserts that she leased a building and the lease permitted her to park in an adjacent lot. (ECF No. 13, PageID.97.) Plaintiff does not address Defendant's assertion that Plaintiff does not own the lot in question and that it is not zoned for parking. (ECF No. 14, PageID.122.) Even putting those issues to the side, as set forth above, Plaintiff has failed to establish that she is likely to succeed on the merits. That alone is "usually fatal" to a plaintiff's requests for a TRO and preliminary injunction. *Nat'l Bd. of Med. Exam'rs*, 225 F.3d at 625. Accordingly, the Court denies Plaintiff's third objection.

### D. Objection 4

Plaintiff also objects that there was justification for "filing the TRO without notice," due to the risk of retaliation. (ECF No. 16, PageID.160.) Whether or not the ex parte nature of the Motion was justified, as set forth above, Plaintiff has failed to show that she can meet the factors necessary to support granting the relief she requests. This objection does not get at factual or legal issues at the heart of this dispute and is therefore not a proper objection. *Thomas*, 474 U.S. at 147. The Court therefore denies Plaintiff's fourth objection.

Accordingly, Plaintiff fails to identify any factual or legal errors in the R&R.

## IV. Conclusion

Having reviewed the R&R and the objections to it, the Court concurs with the R&R and adopts its reasoning and result.

For the reasons set forth above, Plaintiff's Objections to the R&R, (ECF No. 16), are DENIED, the R&R, (ECF No. 15), is ADOPTED, and Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 13), is DENIED.

IT IS SO ORDERED.

Dated: April 22, 2025       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2025.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager