UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rev. Heidi Grossman Lepp,

        Plaintiff,        Case No. 25-cv-10214

v.        Judith E. Levy
        United States District Judge

Conrad Mallett, Jr., et al.,

        Mag. Judge Curtis Ivy, Jr.

        Defendants.

_____/

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION TO GRANT DEFENDANT MALLETT'S MOTION TO DISMISS AND DISMISS JOHN DOES 1–500 [31], GRANTING DEFENDANT MALLETT'S MOTION TO DISMISS [2], ADOPTING IN PART THE REPORT AND RECOMMENDATION ON PLAINTIFF'S SECOND EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [28], AND DENYING PLAINTIFF'S SECOND EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [25]**

Before the Court is Magistrate Judge Curtis J. Ivy's Report and Recommendation to Grant Defendant Mallett's Motion to Dismiss and Dismiss John Does 1–500 (the "Report and Recommendation on the Motion to Dismiss"), (ECF No. 31), recommending that the Court grant Defendant Mallett's motion to dismiss. (ECF No. 2.) The parties were

required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the Report and Recommendation on the Motion to Dismiss. The Court concurs with its recommended result, as well as with its reasoning.

The Court notes, however, that the Report and Recommendation on the Motion to Dismiss finds that Plaintiff lacks standing, in part because "[f]or [Plaintiff's] emotional distress to constitute a concrete injury-in-fact, Plaintiff must have pleaded factual allegations sufficient to reasonably infer that Mallet's conduct was 'extreme and outrageous' and that it caused 'severe' emotional harm." (ECF No. 31, PageID.486 (citing *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864 (6th Cir. 2020)). *Buchholz* does not set forth this rule, though it did suggest that conclusion. *Buchholz*, 946 F.3d at 863–65 (expressing skepticism that anxiety alone is sufficient to constitute an injury-in-fact and contrasting "bare anxiety" with traditional harms involving extreme and outrageous conduct and severe emotional harm). *Buchholz* instead held there was no injury-in-fact because the plaintiff alleged a "fear of future harm" that was not "certainly impending." *Id*. at 865. In a later opinion, the Sixth

Circuit held that "a bare allegation of anxiety" is not an injury-in-fact and referenced *Buchholz*'s discussion of when emotional and psychological harms are "cognizable under the common law." *Garland v. Orlans, PC*, 999 F.2d 432, 439–40 (6th Cir. 2021) (discussing common law analogues involving extreme and outrageous behavior that causes severe emotional harm). At any rate, a plaintiff fails to allege an injury-in-fact when allegations of emotional injury are not sufficiently elaborated, *Prows v. City of Oxford*, No. 23-3920, 2024 WL 4786114, at *2 (6th Cir. Sep. 26, 2024), or are based on conduct that does not rise to a level sufficient to cause extreme emotional harm. *Van Vleck v. Leikin, Ingber, & Winters, P.C.*, No. 22-1859, 2023 WL 3123696, *6–7 (6th Cir. Apr. 27, 2023). The Court agrees with the Report and Recommendation on the Motion to Dismiss that Plaintiff's claims of emotional and psychological injury have such deficiencies and therefore are not an injury-in-fact sufficient to support standing.

Accordingly, the Court adopts the Report and Recommendation on the Motion to Dismiss, (ECF No. 31), grants Defendant Mallett's Motion to Dismiss, (ECF No. 2), and dismisses John Does 1–500.

Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order, (ECF No. 25), is also before the Court, as is Magistrate Judge Curtis J. Ivy's Report and Recommendation on Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order. (ECF No. 28.) Because the Court is dismissing the case, Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order, (ECF No. 25), must be denied as moot. *See, e.g.*, *Grimes v. Huntington Nat'l Bank*, No. 25-cv-10718, 2025 WL 1448197, at *4 (E.D. Mich. May 20, 2025). The Report and Recommendation on Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order recommends denying Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order based on procedural and substantive deficiencies. (ECF No. 28, PageID.402.) Because the Court must deny Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order on mootness grounds, it adopts the result recommended by the Report and Recommendation on Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order, but not its reasoning. (ECF No. 28.)

Accordingly, the Court ORDERS that the Report and Recommendation on the Motion to Dismiss, (ECF No. 31), is ADOPTED; Defendant Mallett's motion to dismiss, (ECF No. 2), is GRANTED; John Does 1–500 are DISMISSED; the Report and Recommendation on Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order, (ECF No. 28), is ADOPTED IN PART; and Plaintiff's Second Emergency Ex Parte Motion for Temporary Restraining Order, (ECF No. 25), is DENIED AS MOOT.

This case is hereby DISMISSED.[1]

IT IS SO ORDERED.

Dated: July 21, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2025.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager

---

[1] By failing to object to the Report and Recommendation, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

5