# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Rev. Heidi Grossman Lepp,

                    Plaintiff,        Case No. 25-10214

v.

                              Judith E. Levy

Conrad Mallett, Jr., *et al.*      United States District Judge

                              Mag. Judge Curtis Ivy, Jr.

                    Defendants.

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURUSANT TO FED. R. CIV. P. 60(b) [35]

Before the Court is *pro se* Plaintiff Heidi Grossman Lepp's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 35.)

On June 9, 2025, Magistrate Judge Curtis Ivy, Jr., issued a Report and Recommendation ("R&R"), recommending that Defendant Mallet's motion to dismiss be granted and that John Does 1-500 be dismissed as well. (ECF No. 31.) He also issued an order denying Plaintiff's motion for leave to file an amended complaint. (ECF No. 30.)

The undersigned adopted Judge Ivy's R&R on July 21, 2025, and issued a judgment that same day. (ECF Nos. 33, 34.)

Plaintiff filed a motion for relief from judgment on August 19, 2025. (ECF No. 35.) In her motion, she asks the Court to vacate the judgment, reopen the case, permit her to file an amended complaint, and to consider her objections to Judge Ivy's R&R and order, which she claims were prepared but "not received, potentially due to connectivity issues with Pacer and the internet." (*Id.* at PageID.520, 530.)

For the reasons set forth below, Plaintiff's motion for relief from judgment is denied.

## I.   Factual Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (ECF No. 31, PageID.467–470.)

## II.   Standard of Review

"Rule 60(b) 'provides a mechanism for seeking post-judgment relief—reopening of a case—for a limited set of circumstances.'" *Lunn v. City of Detroit*, No. 19-13578, 2024 WL 3160311, at *2 (E.D. Mich. June

25, 2024) (quoting *Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009)). Under Rule 60(b), the Court

> may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Whether to grant relief under Rule 60(b) is in the Court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion for the district

3

court."). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "Relief from a final judgment under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (internal citation and quotation marks omitted).

## III.   Analysis

Plaintiff requests that the Court's order of dismissal be vacated under Federal Rule of Civil Procedure 60(b)(1), (2), and (6). (ECF No. 36, PageID.520–521.)

### A. Rule 60(b)(1)

"Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *Kemp v. United*

*States*, 596 U.S. 528, 531 (2002). This rule "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

> i.   *Judge's errors of law*

Rule 60(b)(1)'s definition of a "mistake" includes a "judge's errors of law." *Kemp*, 596 U.S. at 530. Plaintiff argues broadly that the Court made a mistake in its application of standing doctrine. (ECF No. 35, PageID.521.) Specifically, she takes issue with the Court's finding that she "lacked standing due to insufficient allegations of injury-in-fact." (*Id.*) Plaintiff lists as "concrete injuries" "[e]motional distress, PTSD exacerbation, reputational harm from Defendant Mallett's defamatory statements in the Detroit Metro Times, economic loss from forced closure of Mothership Sanctuary, and interference with religious practice under the First Amendment and RLUIPA." (*Id.*)

As set forth in the R&R, constitutional standing requires an injury-in-fact that is particularized, concrete, and actual or imminent. (ECF No. 31, PageID.480 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992); *Glennborough Homeowners Ass'n v. United States Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021)).) The R&R, which the Court adopted, already considered Plaintiff's allegations that she suffered these injuries. (*See* ECF No. 31, PageID.484–500 (discussing reputation harms, severe emotional harm, financial losses, chilling of her constitutionally protected rights, and disruption of the church's operation); *see also* ECF No. 1, PageID.16.) Plaintiff's reiteration of her injuries is not a sufficient showing that the Court made a mistake of law.

Plaintiff also states that the Court's "reliance" on *Buchholz v. Meyer Njus Tanick*, 946 F.3d 855 (6th Cir. 2020), was "misplaced" because "Buchholz addressed speculative future harm, not actual harm from harassment and religious suppression." (ECF No. 35, PageID.522.) She claims that *Garland v. Orlans, PC*, 999 F.3d 432 (6th Cir. 2021), and *Prows v. City of Oxford*, No. 23-3920, 2024 WL 4786114 (6th Cir. Sept. 6, 2024), "confirm that emotional distress and religious interference, when factually supported, establish standing" and that the Court's "failure" to consider *Garland* and *Prows* "constitutes a mistake under Rule 60(b)(1)." (*Id.* at PageID.521–522.)

6

However, the Court's order adopting the R&R considered both *Garland* and *Prows*, and discussed the R&R's reliance on *Buchholz*. (ECF No. 33, PageID.514–515.) As such, it is not clear what mistake Plaintiff believes the Court committed. Additionally, *Garland* and *Prows* do not involve claims related to religion; thus, those cases do not demonstrate that "religious interference, when factually supported, establish standing." (ECF No. 35, PageID.522.)

Plaintiff's motion for relief under Rule 60(b)(1) for errors of law is denied.

### ii.   *Plaintiff's excusable mistake*

The Court construes Plaintiff's motion as also seeking relief under Rule 60(b)(1) for her excusable mistake of missing the deadline to file objections to the R&R (ECF No. 31) and Judge Ivy's order denying her motion for leave to amend the complaint. (ECF No. 30.) She claims that she attempted to file "a timely Objection to the R&R, which the Court stated was not received, potentially due to connectivity issues with Pacer and the internet." (ECF No. 35, PageID.520.) Plaintiff also discloses that

7

her father passed away in June of 2025, which affected her ability to keep up with the case.[1] (*Id.* at PageID.525.)

Here, the Court finds that Plaintiff's failure to timely file her objections is an "excusable mistake." Plaintiff filed her motion and her intended objections (ECF No. 35-1) less than 30 days after the judgment was entered, and at least some of the reasons for her delay were not in her control. *See Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (describing the factors to determine whether neglect is "excusable").

However, as set forth below, even if Plaintiff had timely filed her objections, it would not have resulted in a different outcome. For that reason, Plaintiff's motion for relief from judgment due to her excusable mistake is denied.

### a. *Plaintiff's objections to the R&R (ECF No. 31)*

Plaintiff first objects to the R&R. (ECF No. 35-1, PageID.534.)

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C

---

[1] The Court expresses sympathy for Plaintiff's loss.

§ 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

9

Regarding Judge Ivy's constitutional standing analysis, Plaintiff claims that Judge Ivy ignored her factual allegations when he concluded that "her injuries were speculative or belonged to others." (ECF No. 35-1, PageID.534; *see also id.* at PageID.536.) She lists the following "substantial factual allegations" that she believes Judge Ivy ignored:

- Reputation Injury: Plaintiff was personally defamed by Defendant Mallet's Metro Times quote associating her church with criminal activity. Her name and church were specifically targeted.
- Severe Emotional Distress: Plaintiff has PTSD, which was exacerbated by the government's conduct (raids, threats, discriminatory enforcement).
- Loss of Income and Donations: Plaintiff detailed loss of support and disruption to her ministry caused by city enforcement.
- Deprivation of Religious Property Use: The Church's parking and building access were obstructed by City inspectors under orders from Mallett and Green.

(ECF No. 35-1, PageID.534–535.)

Regarding Plaintiff's reputational injury, severe emotional distress, financial losses, and disruption of the church's operation, the R&R, which the Court adopted, considered Plaintiff's allegations that she suffered those injuries. (ECF No. 31, PageID.484–500 (discussing reputation harms, severe emotional harm, financial losses, chilling of her

constitutionally protected rights, and disruption of the church's operation))); *see also supra* III.A.i. (holding the same). Plaintiff's arguments do not identify flaws in the Court's reasoning.

Additionally, regarding Plaintiff's argument that she pled an injury of "deprivation of religious property use" and that the "Church's parking and building access were obstructed by City Inspectors under orders from Mallett and Green," (ECF No. 35-1, PageID.535), this allegation does not appear in the complaint. (ECF No. 1, PageID.7–17.) As such, Judge Ivy did not have an obligation to consider those factual allegations.

For those reasons, Plaintiff's objection to Judge Ivy's constitutional standing analysis is overruled.

Plaintiff also argues that Judge Ivy erred in his analysis of prudential standing because she asserted both the rights of third parties and herself. (ECF No. 35-1, PageID.535.) But Judge Ivy concluded that she could not assert the rights of third parties, not that she *only* asserted the rights of third parties. (*See, e.g.*, ECF No. 31, PageID.477 ("Plaintiff's lawsuit may proceed depending on whether she has also established constitutional standing to sue for her injuries and her injuries alone.").)

11

Plaintiff also appears to object to Judge Ivy's conclusion that she may not sue on behalf of her church. (ECF No. 35-1, PageID.535 ("Plaintiff . . . [h]as the institutional capacity to assert religious rights of her church.").) In support of this statement, Plaintiff cites *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993); however, this case does not provide any support for Plaintiff's statement regarding her ability to sue to assert her church's rights.

Finally, Plaintiff asserts that she is "entitled to raise First Amendment claims chilled by government conduct under the overbreadth doctrine," and cites in support *Secretary of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947 (1984). (ECF No. 35-1, PageID.535.) This argument is not adequately explained. Additionally, the overbreadth doctrine as described in *Munson* does not have any applicability to this case. The overbreadth doctrine is generally used to "attack the constitutionality of a statute or ordinance," *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007), and Plaintiff does not challenge a statute or ordinance.

For these reasons, Plaintiff's objections to Judge Ivy's R&R are overruled.

12

>   *b. Plaintiff's objections to Judge Ivy's order denying*
>   *leave to file an amended complaint (ECF No. 30)*

Plaintiff also objects to Judge Ivy's order denying her leave to file an amended complaint. (ECF No. 35-1, PageID.536.)

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order, such as Judge Ivy's order denying her leave to file an amended complaint (ECF No. 30), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)).

"A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

13

*Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

Plaintiff first argues that the order was incorrect because Judge Ivy "misapplied the 'futility' standard" and "improperly assumed facts and ignored key allegations." (ECF No. 35-1, PageID.536–537.) Plaintiff identifies the following "ignored" allegations: (1) the addition of six additional Defendants "with specific dates, actions, and injuries not only to herself but to her members," (2) the addition of "RLUIPA, ADA, Equal Protection, RFRA, and malicious prosecution claims with detailed factual and documentary support," and (3) "Defendants' own written threats" which "clearly show religious discrimination and retaliation." (*Id.* at PageID.537.)

Plaintiff is correct that Judge Ivy did not address a malicious prosecution claim in his order, (*see* ECF No. 30), but this is because Plaintiff's proposed amended complaint does not contain a claim for malicious prosecution. (ECF No. 20-1.) Further, Plaintiff's objection is

14

insufficient because Judge Ivy's order analyzes Plaintiff's claims in great detail and Plaintiff does not "specify the part[s] of the order . . . to which [she] objects" as is required by Local Rule 72.1(d). Instead, Plaintiff appears to generally object to the correctness of the order and inappropriately relitigates matters already considered by Judge Ivy.[2]

Plaintiff's objection that Judge Ivy's order "conflicts with the liberal standard of Rule 15" is also insufficient. (ECF No. 35-1, PageID.537.) As set forth by Judge Ivy, while leave to amend the complaint "should be freely given 'when justice so requires,'" "this does not suggest that all motions to amend are automatically granted." (ECF No. 30, PageID.424–425 (quoting Fed. R. Civ. P. 15(a)(2)).) Plaintiff claims that "[t]he Sixth Circuit strongly disfavors denial of amendments on futility grounds

---

[2] Judge Ivy's order clearly addresses the proposed addition of six Defendants. (*See* ECF No. 30, PageID.417 ("Plaintiff's proposed amended complaint adds six new Defendants . . . .").)

The order also addresses Plaintiff's RLUIPA, ADA, Equal Protection, and RFRA claims. (*See id.* at PageID.447–450 (RLUIPA); *id.* at PageID.450–451 (ADA); *id.* at PageID.442–445 (Equal Protection); *id.* at PageID.461 (stating that Plaintiff "did not include a RFRA claim as a cause of action in the proposed amended complaint" and that such an addition would fail anyway).)

Finally, the order addressed Plaintiff's allegations related to "written threats." (*Id.* at PageID.419 (discussing "Madden's reference to civil and criminal liability), 447, 455, 456 n.12 (addressing "Black['s] 'threats'" in his Civil RICO analysis).)

before discovery," (ECF No. 35-1, PageID.537), but it is not clear how Plaintiff came to this conclusion. In support of this statement, Plaintiff cites *Foman v. Davis*, 371 U.S. 178 (1962), which is a Supreme Court, not Sixth Circuit case. Further, *Foman* does not support Plaintiff's argument regarding leave to amend the complaint. *See id.* at 182 (listing "futility of amendment" as a legitimate reason for denial of leave to file an amended complaint).

For these reasons, Plaintiff's objections to Judge Ivy's order denying her motion for leave to file an amended complaint are overruled.

### iii.   Plaintiff's exhibit

The Court notes that Plaintiff filed as part of her motion and/or proposed objections some documents. (ECF Nos. 35-2, 35-3.)[3] These documents are titled, "Declaration of Harm & Neutral Legal Analysis." (ECF No. 35-2.) In the first half of the documents, Plaintiff describes various harms that she has experienced. In the second half, Plaintiff

---

[3] The documents are entirely identical except for the very last sentence in ECF No. 35-2, which does not appear in ECF No. 35-3. The sentence is "Exhibit A – Donald Trump May 4th, Executive Order Religious Liberty and Memorandum." (ECF No. 35-2, PageID.555.) This "Exhibit A" does not appear in Plaintiff's August 19, 2025 filings.

For ease of reference, the Court will only refer to the filing at ECF No. 35-2.

16

claims that she used "OpenAI's ChatGPT-4o model" to "perform an objective and dispassionate review of the Court's [R&R]" and Judge Ivy's order denying leave to file an amended complaint. (ECF No. 35-2, PageID.543.) She claims that this "review" is "free from advocacy, emotion, or bias" and "unequivocally supports Plaintiff's formal objections to these legally unsound rulings." (*Id.* at PageID.543–546.)

The Court declines to consider these documents. Regarding Plaintiff's declaration describing her harms, these statements cannot be considered part of the pleadings because Plaintiff may only amend her complaint through Rule 15. *See Kelly v. Valeo N. Am., Inc.,* No. 2:24-CV-11066-TGB-KGA, 2025 WL 933943, at *5 (E.D. Mich. Mar. 27, 2025) (deciding that an affidavit filed as part of a motion to dismiss may not be considered part of the complaint) (collecting cases).

Regarding Plaintiff's "AI Legal Analysis Report," (ECF No. 35-2, PageID.547), this document is inappropriately presented and unhelpful. As an initial matter, the place for legal arguments is in the brief, not the exhibits. *See Redus v. Revenue Cycle Serv. Ctr., LLC*, No. 3:22-CV-01029, 2025 WL 2324078, at *6 n.3 (M.D. Tenn. Aug. 11, 2025) ("The inclusion of such statements, notes, or arguments on the exhibits themselves is

neither a proper method of providing supporting exhibits nor a proper method of presenting arguments to the Court."), *report and recommendation adopted*, No. 3:22-CV-01029, 2025 WL 2535628 (M.D. Tenn. Sept. 2, 2025).

More importantly, the Court is concerned about the "AI Legal Analysis Report's" reliability. Courts across the country—and throughout the world—have seen a multitude of cases in which generative AI programs are relied upon by pro se litigants and attorneys in their filings, to the detriment of the user. Generative AI programs "are based on complex mathematical systems that learn their skills by analyzing enormous amounts of digital data. They do not — and cannot — decide what is true and what is false. Indeed, at times, they just make stuff up—a phenomenon some A.I. researchers call hallucinations." *Hunt v. Morissette*, No. 2-24-CV-12947-TGB-APP, 2025 WL 1660358, at *1 (E.D. Mich. June 11, 2025) (quoting Cade Metz & Karen Weise, *A.I. Is Getting More Powerful, but Its Hallucinations Are Getting Worse*, N.Y. Times (May 6, 2025), [https://perma.cc/W39R-VZ4R]).

The Court recognizes that, "for a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in

an unfamiliar court setting." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-CV-00071-JAW, 2025 WL 2084353, at *2 (D. Me. July 24, 2025). Nevertheless, "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Id.* And when litigants misrepresent the law after relying on a generative AI program, they waste judicial resources and can be subjected to sanctions. *See Sanders v. United States*, 176 Fed. Cl. 163, 170 (2025) (collecting cases); *see also Evans v. Robertson*, No. 24-CV-13435, 2025 WL 2737446, at *4 (E.D. Mich. Sept. 25, 2025) (stating that a pro se litigant's reliance on generative AI programs without reviewing the accuracy of citations to authority "disrupts the Court's timely and efficient review of cases, as its efforts are wasted researching nonexistent citations and legal principles"), *objections overruled*, No. 24-13435, 2025 WL 3488280 (E.D. Mich. Dec. 4, 2025).

These issues of accuracy and reliability are present here. While Plaintiff does not present the "Report" as the result of her own legal research, she urges the Court to consider the "Report's" findings. But the "Report's" findings are not correct. For example, the "Report" states that

Plaintiff "possesses inherent personal, associational and institutional standing to assert the . . . rights of herself, her congregation and the Church itself" and that this "is squarely supported by cases like *Church of the Lukumi Bablu Aye v. City of Hialeah*, 508 U.S. 520 (1993)." (ECF No. 35-3, PageID.566.) But *Lukumi* does not suggest that Plaintiff has standing to assert the rights of her congregation and church; in fact, the *Lukumi* decision does not discuss standing at all.

For these reasons, the Court declines to consider these documents filed with Plaintiff's motion and/or proposed objections. (ECF Nos. 35-2, 35-3.)

> iv.   *Conclusion regarding Rule 60(b)(1)*

In conclusion, the Court finds that Plaintiff is not entitled to relief from judgment under Rule 60(b)(1). Plaintiff has not demonstrated an error of law in the Court's decisions. Additionally, while Plaintiff has demonstrated an excusable mistake in her failure to timely file objections to Judge Ivy's R&R and order, her objections are futile and the outcome of the R&R and the order remain the same.

For these reasons, Plaintiff's motion pursuant to Rule 60(b)(1) is denied.

20

**B. Rule 60(b)(2)**

Rule 60(b)(2) permits the Court to reopen the case if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Plaintiff's showing is deficient. "To prevail on a Rule 60(b)(2) motion, 'a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584–85 (6th Cir. 2014) (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012)).

Plaintiff presents as "newly discovered evidence" decisions from the United States District Court for the District of Utah that were issued on January 7, February 20, and August 4, 2025. (ECF No. 35, PageID.522–523 (citing *Jensen v. Utah Cnty.*, 767 F. Supp. 3d 1153 (D. Utah 2025); *Jensen v. Utah Cnty.*, No. 2:24-CV-00887-JNP-CMR, 2025 WL 2208257 (D. Utah Aug. 4, 2025); *Jensen v. Utah Cnty.*, No. 2:24-CV-00887-JNP-CMR, 2025 WL 42150 (D. Utah Jan. 7, 2025)).) These judicial decisions, which involve different parties and unrelated facts, are not evidence.

21

Additionally, the January 7 and February 20, 2025 decisions cannot be construed as "newly discovered evidence" because they existed when the R&R and the Court's order adopting the R&R were issued. Finally, these judicial decisions do not have any relevance to this case because those rulings relied on Utah state law, which is inapplicable here. (*See* ECF No. 30, PageID.461 n.13; ECF No. 19, PageID.201.)

Plaintiff also describes "raids" that were conducted against "Black House Sanctuary" and "Salt City Sanctuary" on August 5, 2025. (ECF No. 35, PageID.523.) Plaintiff avers that these actions by other governmental actors "demonstrate[es] a coordinated pattern of suppression that mirrors the City of Detroit's actions" and "confirm[ ] the ongoing, concrete nature of the injuries pled here." (*Id.* at PageID.523–524.) These events cannot be considered "evidence" in this case because they do not involve Defendant Conrad Mallet, Jr. Again, and in order to have constitutional standing to sue, Plaintiff must allege an injury that is "fairly traceable to the **defendant's** unlawful conduct." (ECF No. 31, PageID.477 (quoting *Glennborough Homeowners Ass'n*, 21 F.4th at 414) (emphasis added).) Unlawful actions taken by people unrelated to the Defendant in this case that impact other individuals who are also not in

22

this case cannot form the basis of an injury and are thus not material or controlling in this case.

Plaintiff also states that, "landlord representatives . . . unlawfully repossessed Plaintiff's leased building, Mothership Sanctuary, during a state court proceeding [on July 25, 2025], despite Plaintiff presenting a valid lease agreement," that the landlord was negligent in repairing issues with the building "[f]or over nine months prior" to the repossession of the building, and that on an unspecified date that may be around July 2025, DPD officers "seized sacred church signs." (ECF No. 35, PageID.524.) Plaintiff expresses that she "relocate[d] to Missouri in July 2025" due to issues with the building's air conditioning. (*Id.* at PageID.525.)

Regarding Plaintiff's statements about her landlord's negligence in repairing issues with the building, Plaintiff has not demonstrated that this is "newly discovered evidence." Plaintiff claims that the landlord's negligence with regard to repairs began nine months prior to repossession of the building (*id.* at PageID.524), suggesting that those issues began around October or November of 2024, before this case even began. As such, she has not demonstrated that evidence of her landlord's

negligence was "newly discovered." Additionally, issues with her lease and landlord, and issues related to DPD officers allegedly taking church signs, do not appear to be material because they are not fairly traceable to the actions of the Defendant in this case: Conrad Mallett, Jr.[4]

For these reasons, Plaintiff's motion pursuant to Rule 60(b)(2) is denied.

### C. Rule 60(b)(6)

Under Rule 60(b)(6), the Court may grant relief from a final judgment or order for "any other reason that justifies relief." "Relief under Rule 60(b)(6) require extraordinary circumstances," and this standard "does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025).

Plaintiff first argues that "[t]he recent decision in *Jensen v. Utah County*, 2025 WL 582812 (D. Utah Feb. 20, 2025), reaffirmed that RFRA and RLUIPA provide robust protections against government interference

---

[4] As set forth in the R&R, although Plaintiff also brings suit against John Does 1-500, "Plaintiff lodged no claims against these Defendants in her original complaint" and, thus, "has not alleged that the John Does caused any redressable injury-in-fact." (ECF No. 31, PageID.466.)

with religious practice in factually analogous circumstances" and that the issuance of this opinion "constitutes precisely the type of extraordinary circumstance warranting relief." (ECF No. 35, PageID.526.) But the R&R and the Court already considered the February 20, 2025 decision in *Jensen v. Utah County* and determined it is not relevant. (*See* ECF No. 30, PageID.461 n.13.) Even if *Jensen* was relevant to this case, changes in law do not constitute extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 536–37 (2005); *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014) ("However, it 'is well established that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief.'" (quoting *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013))).

Plaintiff also discusses another lawsuit that she filed, *Lepp v. City of South Salt Lake*, Case No. 25-cv-00675 (D. Utah), (ECF No. 35, PageID.527), but it is not clear to the Court how her filing of a new case could constitute extraordinary circumstances.

Plaintiff urges the Court to reopen the case to allow her to amend the complaint. (*See id.*; *see also id.* at PageID.528.) Her argument appears to merge Rule 60(b)(6) and Rule 15(a)'s standards. But, as recently set

25

forth by the Supreme Court, a plaintiff must first satisfy Rule 60(b)(6)'s "extraordinary circumstances" standard before the Court may apply Rule 15(a)'s "liberal amendment policy." *BLOM Bank SAL*, 605 U.S. at 213. *BLOM Bank* explicitly forbids courts from considering Rule 60(b)(6) and Rule 15(a) "in tandem." *Id.* at 214.

Finally, Plaintiff claims that Rule 60(b)(6) relief is warranted because "Defendant Conrad Mallett, Jr., as Corporation Counsel for the City of Detroit, serves as the direct superior to Magistrate Judge Curtis Ivy, Jr." (ECF No. 35, PageID.527.) This is not true. Judge Ivy—like all other United States Magistrate Judges—is appointed by the United States District Court Judges of his Judicial District and does not work for a municipality or state. 28 U.S.C. § 631(a).

For the reasons set forth above, Plaintiff's motion for relief under Rule 60(b)(6) is denied.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is DENIED. (ECF No. 35.) This case remains closed.

IT IS SO ORDERED.

26

Dated: January 16, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2026.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager